# Exhibit "B"

**Harris County Docket Sheet**

# 2022-37311

**COURT:**  152nd
**FILED DATE:**  6/22/2022
**CASE TYPE:**  Premises



### COURTNEY-TAYLOR, PRINCESTHER

**Attorney: ROYALTY, HARRISON**

**vs.**

### HOME DEPOT U S A INC

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

**Exhibit "B-1"**

## Chronological Case History

| | | | | | |
|---|---|---|---|---|---|
| **Style** | COURTNEY-TAYLOR, PRINCESTHER vs. HOME DEPOT U S A INC | | | | |
| **Case Number** | 202237311 | **Case Status** | Active - Civil | **Case Type** | Premises |
| **File Court** | 152 | **File Date** | 6/22/2022 | **Next Setting** | N/A |

| Date | Type | Description |
|---|---|---|
| 6/22/2022 | DOCUMENT | ORIGINAL PETITION **COURT:** 152 **ATTORNEY:** ROYALTY, HARRISON **PERSON FILING:** COURTNEY-TAYLOR, PRINCESTHER |
| 7/1/2022 | SERVICE | **PERSON SERVED:** HOME DEPOT U S A INC (A TEXAS CORPORATION) MAY BE SERVED BY SERVINGITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERSINCORPORATING SERVICE COMPANY **SERVICE TYPE:** CITATION CORPORATE **INSTRUMENT:** SEVERANCE ORDER |

6/22/2022 10:17 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65661353
By: Carolina Salgado
Filed: 6/22/2022 10:17 AM

CAUSE NO._____

| | | |
|---|---|---|
| **PRINCESTHER COURTNEY-TAYLOR** § | | **IN THE DISTRICT COURT OF** |
| § | | |
| **vs.** § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| **HOME DEPOT U.S.A., INC.** § | | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, PRINCESTHER COURTNEY-TAYLOR (hereinafter referred to as "Plaintiff"),

files this Plaintiff's Original Petition complaining of Defendant, HOME DEPOT U.S.A., INC.

(hereinafter referred to as "Defendant") and for cause of action shows unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.1     Plaintiff requests that discovery be governed by Discovery Plan Level 3.

### II.
### PARTIES

2.1     Plaintiff, PRINCESTHER COURTNEY-TAYLOR, is an individual who resided

in Harris County, Texas at the time of the events which form the basis of this lawsuit.

2.2.     Defendant, HOME DEPOT U.S.A., INC. is a Texas corporation doing business in

Harris County, Texas, and may be served with process by serving its registered agent for service

of process, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company,

211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.
### JURISDICTION AND VENUE

3.1     This Court has jurisdiction in this cause because the damages to Plaintiff are within

the jurisdictional limits of this Court.

3.2     Venue in Harris County, Texas is proper in this cause under Section 15.002(a)(1)

**Exhibit "B-2"**

of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

4.1     Plaintiff brings this suit to recover damages for personal injuries sustained at the Home Depot U.S.A., Inc. store located at 12730 W. Lake Houston Parkway, Houston, Texas 77044, in Harris County, Texas, on or about September 7, 2020. On that date, Plaintiff was entering Defendant's store when she slipped and fell as a result of a water on the ground in the entrance doorway. At the time of the incident, the premises were owned and/or maintained by Defendant.

## V.
## PREMISES LIABILITY

5.1     On the date in question, Plaintiff was an invitee on Defendant's premises. At all times relevant, Defendant maintained, controlled, or was a possessor of the premises. A condition on the premises posed an unreasonable risk of harm. Defendant had the ability and authority to ensure its premises were not unreasonably dangerous for invitees. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.

5.2     Defendant knew, or reasonably should have known, of the danger posed by their premises to the general public. Defendant breached their duty of ordinary care by:

(a)     Failing to adequately warn Plaintiff of the dangerous condition;

(b)     Failing to warn Plaintiff of the concealed and other dangers Defendant knew or should have known about;

(c)     Failing to make the conditions(s) reasonably safe;

(d)     Failing to provide a safe shopping environment for their invitees;

(e)     Failing to provide adequate safeguards to prevent Plaintiff from being injured on the premises;

2

(f)     Failing to properly train their employees or have/enforce policies regarding the maintenance of the premises; and

(g)     Failing to make the premises safe for all who entered, including Plaintiff.

5.3     Each of the foregoing acts and/or omissions by Defendant, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

## VI.
## NEGLIGENCE

6.1     In addition or in the alternative to the above cause of action, Defendant is liable to Plaintiff for negligence. Defendant, as owner and/or occupier of the premises, owed Plaintiff a duty to warn or make safe the defective condition(s) existing on Defendant's premises. The occurrence made the basis of this suit and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of Defendant.  Said acts and omissions include but are not necessarily limited to the following:

(a)     Defendant, through its employees and/or agents, failed to maintain the area in a reasonably safe condition, failed to inspect the premises where the dangerous condition existed, and failed to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

(b)     Defendant failed to exercise ordinary care to protect Plaintiff from the danger by both failing to adequately warn Plaintiff of the location of dangerous conditions and failing to make the condition reasonably safe;

(c)     Defendant's negligent agents and/or employees were at all pertinent times acting in the course and scope of their employment with Defendant;

(d)     Defendant failed to properly train their agents and/or employees on proper procedures and protocols while working on Defendant's premises;

(e)     Defendant failed to properly train their agents and/or employees on how to not create and/or how to eliminate dangerous conditions on Defendant's premises;

(f)     Defendant failed to properly supervise their agents and/or employees on the maintenance of Defendant's premises; and

3

(g)    Defendant failed to act as a reasonably prudent premises owner would have acted in the same or similar situation.

6.2    Each of the foregoing acts and/or omissions by Defendant, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

## VII.
## DAMAGES

7.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages for which Plaintiff seeks monetary relief:

(a)    Reasonable and necessary medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of Plaintiff's injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

(b)    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c)    Physical pain and suffering in the past and future;

(d)    Physical impairment in the past and future;

(e)    Loss of enjoyment of life in the past and future;

(f)    Lost wages in the past and future;

(g)    Loss of earning capacity in the past and future;

(h)    Duties under duress in the past and future;

(i)    Physical disfigurement in the past and future; and

(j)    Mental anguish in the past and future.

7.2    All of the above listed damages of the Plaintiff exceed the minimum jurisdictional limits of this Court.  Pursuant to Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff

4

seeks to recover monetary relief of over $250,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and post-judgment interest.

## VIII.
## RULE 193.7 NOTICE

8.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX.
## MISNOMER/ALTER EGO

9.1     In the event any parties were misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## X.
## PRAYER

Plaintiff, PRINCESTHER COURTNEY-TAYLOR, respectfully prays that Defendant, HOME DEPOT U.S.A., INC. be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

HOLLINGSWORTH LAW FIRM, PLLC

By: /s/ *Harrison C. Royalty*
    Steven R. Hollingsworth
    TX Bar No.: 24041115
    steveh@hollingsworthlawfirm.com
    Harrison C. Royalty
    TX Bar No.: 24100679
    harrison@hollingsworthlawfirm.com
    1415 North Loop West, Suite 200
    Houston, Texas 77008
    Telephone: 713-637-4560
    Fax: 713-474-9017

ATTORNEYS FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 65661353
Status as of 6/22/2022 10:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Steven Hollingsworth | | steveh@hollingsworthlawfirm.com | 6/22/2022 10:17:56 AM | SENT |
| Harrison Royalty | | harrison@hollingsworthlawfirm.com | 6/22/2022 10:17:56 AM | SENT |
| Beatrice Martinez | | beatrice@hollingsworthlawfirm.com | 6/22/2022 10:17:56 AM | SENT |

7/6/2022 1:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66060886
By: KATINA WILLIAMS
Filed: 7/6/2022 1:38 PM

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **152nd Judicial District Court**

Case Number: 202237311

Plaintiff:
**PRINCESTHER COURTNEY-TAYLOR**

vs.

Defendant:
**HOME DEPOT U.S.A., INC.**

Received these papers on the 30th day of June, 2022 at 3:05 pm to be served on **HOME DEPOT U.S.A., INC. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Vivian Smith, being duly sworn, depose and say that on the **1st day of July, 2022** at **9:55 am, I:**

hand-delivered a true copy of this **Citation Corporate together with Plaintiff's Original Petition,** to **HOME DEPOT U.S.A., INC. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY** by and through its designated agent, **KANEISHA GROSS,** at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas.  I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced  cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 1st day of
July, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

**Vivian Smith**
PSC-12617, Exp. 5/31/2024

Our Job Serial Number: THP-2022003653
Ref: Courtney-Taylor / Home Depot

SCOTT L. THOMAS
NOTARY PUBLIC
STATE OF TEXAS
ID# 10407286
EXPIRES 1-9-2024

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i




**Exhibit "B-3"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66060886
Status as of 7/6/2022 2:49 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steven Hollingsworth | | steveh@hollingsworthlawfirm.com | 7/6/2022 1:38:55 PM | SENT |
| Harrison Royalty | | harrison@hollingsworthlawfirm.com | 7/6/2022 1:38:55 PM | SENT |
| Beatrice Martinez | | beatrice@hollingsworthlawfirm.com | 7/6/2022 1:38:55 PM | SENT |

7/27/2022 12:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66719514
By: Iliana Perez
Filed: 7/27/2022 12:43 PM

### CAUSE NO.  2022-37311

| | | |
|---|---|---|
| PRINCESTHER COURTNEY-TAYLOR | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT USA, INC. | § | 152ND JUDICIAL DISTRICT |

### THE ORIGINAL ANSWER
### OF DEFENDANT HOME DEPOT U.S.A., INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Home Depot U.S.A., Inc., ("Defendant"), Defendant in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

1.     **General Denial**.  Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein, and demands strict proof thereof, as required by the laws of this State of persons or entities who bring suit as the Plaintiff does in the instant case.

2.     **Plaintiff Comparative Responsibility**.  Defendant further alleges by way of affirmative defense, and without waiver of the foregoing, that the Plaintiff's own negligent and/or intentional acts were the sole and/or proximate producing cause of any alleged injuries or damages suffered by the Plaintiff.

3.     **Medical/Health Care Expense Limitations**.  Defendant further alleges, by way of affirmative defense, and without waiver of the foregoing that under the Tex. Civ. Prac. & Rem. Code §41.0105, in addition to any other limitation under law, Plaintiff is limited to recovery of medical or health care expense, if any, to the amount actually paid or incurred by or on behalf of Plaintiff.

1.

4.      **Certain Health Care Service Claims Barred**.  Defendant further alleges by way of affirmative defense, and without waiver of the foregoing, and to the extent that Plaintiff was insured and entitled to health insurance benefits at any time relevant to this suit but chose, instead, to seek care outside of Plaintiff's approved provider network and/or possibly personally incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff failed to mitigate Plaintiff's damages, pursuant to Tex. Civ. Prac. & Rem. Code §146.003. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. Tex. Civ. Prac. & Rem. Code §146.001, et seq.

5.      **Net Loss After Tax**.  Defendant further alleges, by way of affirmative defense, and without waiver of the foregoing that under the Tex. Civ. Prac. & Rem. Code §18.091, in addition to any other limitation under law, Plaintiff's recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, if any, is limited to the recovery of the net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

6.      **Settlement Credits/Contribution Rights**.  Defendant denies that Plaintiff is entitled to any recovery.  However, to the extent any recovery is had by Plaintiff, such recoveries must be offset by any amounts received from joint tortfeasors or other Defendants.  In the unlikely event that Defendant is found liable for any portion of Plaintiff's injuries, if any,

2.

Defendant is entitled to indemnity and/or contribution from each of the other Defendants and a percentage or pro-rata reduction of its liability to Plaintiff pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, the doctrine of comparative fault and/or any other applicable law.  Further, Defendant prays for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to any matter pertaining to the claims made herein by Plaintiff.

7.      **Tex. Civ. Prac. & Rem. Code**.  Defendant further alleges, pleads and reserves, without waiver of the foregoing, each and every right entitled it pursuant to the Texas Civil Practice and Remedies Code, Chapters 32 and 33.

8.      **Jury Demand**.  Defendant respectfully requests trial by jury.

9.      **Notice of Intent to Use Documents**.  Pursuant to Rules 176.6(c) and 193.7 of the Texas Rules of Civil Procedure, Defendant gives notice to all parties that the production of any document in response to written discovery by any party and non-party authenticates said document for use against that party and any other party in any pretrial proceeding or at trial.

10.     **Reservation to Amend**.  Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to more closely investigate these claims as it is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, Home Depot U.S.A., Inc., having fully answered herein, prays that it goes hence without day for costs, and for such other and further relief, both special and general, at law and in equity, to which said Defendant may be justly entitled.

3.

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:     **_/s/ Frank A. Piazza, Jr._**
          Frank A. Piazza, Jr.
          State Bar No. 24037281
          fpiazza@brothers-law.com
          Lucia D. Zhan
          State Bar No. 24125959
          lzhan@brothers-law.com
          10333 Richmond Ave, Suite 900
          Houston, Texas 77042
          (713) 337-0750 – Telephone
          (713) 337-0760 – Facsimile

**Attorneys for Defendant, Home Depot U.S.A., Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 27th day of July, 2022.

<u>VIA ESERVICE</u>
Steven R. Hollingsworth
Harrison C. Royalty
HOLLINGSWORTH LAW FIRM, PLLC
1415 North Loop West, Suite 200
Houston, Texas 77008
*Attorneys for Plaintiff*

BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.

By:    */s/ Frank A. Piazza, Jr.*
       Frank A. Piazza, Jr. | Lucia D. Zhan

5.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dalia Delgado on behalf of Frank Piazza
Bar No. 24037281
ddelgado@brothers-law.com
Envelope ID: 66719514
Status as of 7/27/2022 1:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lucia  Zhan | | lzhan@brothers-law.com | 7/27/2022 12:43:30 PM | SENT |
| Steven Hollingsworth | | steveh@hollingsworthlawfirm.com | 7/27/2022 12:43:30 PM | SENT |
| Harrison Royalty | | harrison@hollingsworthlawfirm.com | 7/27/2022 12:43:30 PM | SENT |
| Beatrice Martinez | | beatrice@hollingsworthlawfirm.com | 7/27/2022 12:43:30 PM | SENT |
| Frank Piazza, Jr. | | fpiazza@brothers-law.com | 7/27/2022 12:43:30 PM | SENT |
| Dalia Delgado | | ddelgado@brothers-law.com | 7/27/2022 12:43:30 PM | SENT |

7/27/2022 12:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66719514
By: Iliana Perez
Filed: 7/27/2022 12:43 PM

### CAUSE NO.  2022-37311

| | | |
|---|---|---|
| **PRINCESTHER COURTNEY-TAYLOR** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **HOME DEPOT USA, INC.** | § | **152ND JUDICIAL DISTRICT** |

## <u>Demand for Jury Trial</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Home Depot U.S.A., Inc.**, Defendant, and makes this its formal demand for jury and respectfully requests a jury trial on all issues.

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By: */s/ Frank A. Piazza, Jr.*
Frank A. Piazza, Jr.
State Bar No. 24037281
fpiazza@brothers-law.com
Lucia D. Zhan
State Bar No. 24125959
lzhan@brothers-law.com
10333 Richmond Ave, Suite 900
Houston, Texas 77042
(713) 337-0750 – Telephone
(713) 337-0760 – Facsimile

**Attorneys for Defendant, Home Depot U.S.A., Inc.**

- 1 -

F:\HOME DEPOT\Courtney-Taylor, Princesther\Pleadings\2022.07.27 HD's Jury Demand (State).doc

**Exhibit "B-5"**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 27th day of July, 2022.

<u>VIA ESERVICE</u>
Steven R. Hollingsworth
Harrison C. Royalty
HOLLINGSWORTH LAW FIRM, PLLC
1415 North Loop West, Suite 200
Houston, Texas 77008
*Attorneys for Plaintiff*

BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.

By:   ***/s/ Frank A. Piazza, Jr.***
       Frank A. Piazza, Jr. | Lucia D. Zhan

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dalia Delgado on behalf of Frank Piazza
Bar No. 24037281
ddelgado@brothers-law.com
Envelope ID: 66719514
Status as of 7/27/2022 1:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lucia  Zhan | | lzhan@brothers-law.com | 7/27/2022 12:43:30 PM | SENT |
| Steven Hollingsworth | | steveh@hollingsworthlawfirm.com | 7/27/2022 12:43:30 PM | SENT |
| Harrison Royalty | | harrison@hollingsworthlawfirm.com | 7/27/2022 12:43:30 PM | SENT |
| Beatrice Martinez | | beatrice@hollingsworthlawfirm.com | 7/27/2022 12:43:30 PM | SENT |
| Frank Piazza, Jr. | | fpiazza@brothers-law.com | 7/27/2022 12:43:30 PM | SENT |
| Dalia Delgado | | ddelgado@brothers-law.com | 7/27/2022 12:43:30 PM | SENT |